UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHIRLEY DORSEY, FOR AND ON BEHALF OF
THE ESTATE AND WRONGFUL DEATH BENEFICIARIES
OF EUGENT DORSEY, DECEASED                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:23-CV-3152-DPJ-FKB

MANHATTAN NURSING AND REHABILITATION CENTER, LLC           DEFENDANT

ORDER

Defendant Manhattan Nursing and Rehabilitation Center seeks dismissal of some—but not all—claims against it in this medical-malpractice/wrongful-death suit. Mot. [5]. Plaintiff Shirley Dorsey never responded to the motion, and the time to do so has passed. The Court has considered Manhattan's motion and the relevant authority and agrees partial dismissal is appropriate. Manhattan's motion is therefore granted.

I.       Facts and Procedural History

Eugene Dorsey was admitted to Manhattan on March 30, 2021, "to receive short term rehab and therapy." Am. Compl. [1-3] ¶ 10. When admitted, "Mr. Dorsey had a small wound to his left buttock." *Id.* ¶ 11. Dr. Matthew Brennan treated that wound at Manhattan, ultimately performing a debridement on April 27. *Id.* ¶ 12. But by May 11, 2021, the wound's condition had deteriorated, producing severe odor with "copious and serosanguinous exudate." *Id.* ¶ 13. So, on May 12, Mr. Dorsey was transferred from Manhattan to Holmes County LTC, where he "was found to be in extremely poor condition." *Id.* ¶ 14. He was then transferred to River Region Hospital with sepsis and died on July 17, 2021. *Id.*

Over two years later, on August 9, 2023, Plaintiff Shirley Dorsey, for and on behalf of the Estate and Wrongful Death Beneficiaries of Eugene Dorsey, sued Manhattan. *See* Compl. [1-1]

at 17.  She then amended her complaint on November 9, 2023.  *See* Am. Compl. [1-3] at 8.  According to Plaintiff, Mr. Dorsey's injuries and death were "directly and proximately related to the failures of Manhattan . . . to assess, monitor, and treat" the left-buttock wound.  *Id.* ¶ 15.  Based on those allegations, she asserts four counts in her Amended Complaint:  (1) negligence, negligence per se, and gross negligence: (2) respondeat superior; (3) wrongful death; and (4) punitive damages.  *Id.* ¶¶ 16–31.

Manhattan seeks partial dismissal, arguing that because of Mississippi's two-year statute of limitations for medical-negligence and survival-type claims, "Plaintiff is limited to claims for true wrongful death damages, including loss of love and affection, and all other claims against Manhattan must be dismissed as a matter of law."  Mem. [6] at 2; *see also* Mot. [5] ¶ 5.  The Court has subject-matter jurisdiction over this removed case.  *See* Notice [1] at 3–4 (citing diversity jurisdiction and specifying that the members of Manhattan (an LLC) are all citizens of New York).

II.     Standard

Manhattan seeks dismissal under Federal Rule of Civil Procedure 12(b)(6).  Mot. [5] at 1.  To avoid dismissal under Rule 12(b)(6), a plaintiff must have pleaded "sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).

For this inquiry, "court[s] accept 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369

F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  Thus, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Ultimately, the standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."  *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Manhattan believes that Plaintiff's medical-negligence and survival-type claims are barred by the two-year statute of limitations.  *See* Mot. [5] ¶ 5; Miss. Code Ann. § 15-1-36(2). "[D]ismissal under Rule 12(b)(6) may be appropriate based on a successful affirmative defense [that] appear[s] on the face of the complaint."  *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017) (quoting *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017)).

III.     Analysis

Manhattan says Plaintiff's medical-negligence and survival-type claims are time-barred. Mem. [6] at 4.  The Court agrees.  Under Mississippi Code section 15-1-36(2), a party asserting medical negligence must sue within two years "from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered."  That same two-year period applies to the estate's claims because "the statute of limitations for 'survival-type' claims that may have been brought by the decedent begins to run when the decedent could have pursued a claim."  *Empire Abrasive Equip. Corp. v. Morgan*, 87 So. 3d 455, 462 (Miss. 2012).

3

Manhattan argues that the two-year statute of limitations began to run "the date Mr. Dorsey left Manhattan's care and was 'found to be in extremely poor condition' at Holmes County LTC." Mem. [6] at 4 (quoting Am. Compl. [1-3] ¶ 14). According to Plaintiff, that was May 12, 2021. Am. Compl. [1-3] ¶ 14. By then, any alleged negligence had occurred, and Mr. Dorsey's left-buttock wound was causing severe odor "with copious and serosanguinous exudate." *Id.* ¶ 13.

Plaintiff has not disputed Manhattan's argument that the statute of limitations began to run May 12, 2021. Two years from that date was May 12, 2023, but Plaintiff did provide written notice of the claim on April 13, 2023. *See* Compl. [1-1] at 10. So, "the time for commencement of the action [must] be extended sixty (60) days from the service of the notice." Miss. Code Ann. § 15-1-36(15). The resulting deadline was July 11, 2023, but Plaintiff waited until August 9, 2023, to sue. And because she has offered no basis to further toll the limitations period, the medical-negligence and survival-type claims are time-barred.

IV.    Conclusion

The Court has considered all arguments raised; those not addressed would not change the outcome. For the reasons explained, Manhattan's unopposed motion for partial dismissal [5] is granted. Plaintiff's medical-negligence and survival-type claims are time-barred.

**SO ORDERED AND ADJUDGED** this the 18th day of January, 2024.

                                           s/ *Daniel P. Jordan III*
                                           CHIEF UNITED STATES DISTRICT JUDGE