UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHIRLEY DORSEY FOR AND ON BEHALF OF
THE ESTATE AND WRONGFUL DEATH
BENEFICIARIES OF EUGENE DORSEY                                          PLAINTIFF

V.                                          CIVIL ACTION NO. 3:23-CV-3152-DPJ-ASH

MANHATTAN NURSING
AND REHABILITATION CENTER, LLC                                          DEFENDANT

ORDER

On January 18, 2024, the Court granted Defendant Manhattan Nursing and Rehabilitation Center's motion for partial dismissal, finding the medical-negligence and survival-type claims were time-barred.  Order [10].  Plaintiff Shirley Dorsey now asks the Court to reconsider [11] its Order.

I.       Facts and Procedural History

Eugene Dorsey was admitted to Manhattan Nursing and Rehabilitation Center on March 30, 2021, "to receive short term rehab and therapy."  Am. Compl. [1-3] ¶ 10.  When admitted, "Mr. Dorsey had a small wound to his left buttock."  *Id.* ¶ 11.  Dr. Matthew Brennan treated that wound at Manhattan, ultimately performing a debridement.  *Id.* ¶ 12.  But by May, the wound's condition had deteriorated, so Mr. Dorsey was transferred to Holmes County LTC.  *Id.* ¶ 14.  He was then transferred to the hospital with sepsis and died on July 17, 2021.  *Id.*  Over two years later, Plaintiff Shirley Dorsey, for and on behalf of the Estate and Wrongful Death Beneficiaries of Eugene Dorsey, sued Manhattan.

On December 20, 2023, Manhattan moved to dismiss Plaintiff's medical-negligence and survival-type claims as time-barred.  Def.'s Mot. [5].  When the time to respond passed without a response from Plaintiff, the Court considered the motion and granted partial dismissal.  Order

[10] (entered January 18, 2024).  Plaintiff now moves for reconsideration of that Order.  Pl.'s

Mot. [11].

II.     Standard

Plaintiff seeks reconsideration under Federal Rule of Civil Procedure 60(b)(1).  *Id.* at 2.

But the Order granting partial summary judgment was an interlocutory ruling; other claims

remained, and no final judgment was entered.  Where "the motion to reconsider concerns only

interlocutory rulings, the appropriate vehicle" is Rule 54(b).  *Livingston Downs Racing Ass'n,*

*Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474 (M.D. La. 2002).

Under Rule 54(b), an interlocutory order "does not end the action as to any of the claims

or parties and *may be revised at any time before the entry of a judgment* adjudicating all the

claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b) (emphasis added).  Thus, a

district court may "reconsider and reverse its decision for any reason it deems sufficient."

*McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (quoting *Austin v. Kroger Tex.,*

*L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

III.    Analysis

A.      Response Deadline

Local Uniform Civil Rule 7(b)(4) provides:  "Counsel for respondent must, within

fourteen days after service of movant's motion and memorandum brief, file a response and

memorandum brief in support of the response."  As stated, Manhattan filed its motion on

December 20, and by January 18, no response had been filed.  Plaintiff explains that her counsel

and counsel for Manhattan agreed to extend the response time to January 19, 2024.  Pl.'s Mot.

[11] at 2.  But "by inadvertence, mistake, and neglect, [counsel] failed to file an unopposed

motion with the Court requesting an order ratifying the parties' agreement . . . ."  *Id.*

To clarify, only the Court can extend the time to respond.  Under the local rules, "[a] party must make any request for an extension of time in writing to the judge who will decide the motion."  L.U. Civ. R. 7(b)(4).  A party can agree not to *oppose* counsel opposite's motion, but the parties cannot "agree" to extend a deadline.  No motion for an extension was filed here.

Nevertheless, while the Court did independently consider the caselaw relevant to Manhattan's motion, its preference is to rule with the benefit of full briefing by the parties.  It also seems that the mistake was mutual.  As a result, the Court exercises its discretion and grants reconsideration under Rule 54(b).

B.      Motion for Partial Dismissal

In support of her motion for reconsideration, Plaintiff attached a proposed response and supporting memorandum.  Pl.'s Mot. [11] (Ex. B, C).  And in its response to Plaintiff's motion for reconsideration, Manhattan briefly addressed the grounds raised in those attachments, but it did so without knowing whether the Court would reconsider the Order and may not have fully addressed Plaintiff's arguments.

As noted, the Court desires a complete record and full briefing, so rather than have Manhattan supplement, it seems fairer to start over.  Manhattan is invited to refile its motion for partial dismissal (as previously filed or revised).  Plaintiff will then be allowed to respond, in the time provided by the local rules, and Manhattan may file a reply.

IV.     Conclusion

For the reasons stated, Plaintiff's motion to reconsider [11] is granted.  The Court's Order [10] is set aside.  If Manhattan wishes to refile its motion for partial dismissal, it should do so within 14 days of this Order.

**SO ORDERED AND ADJUDGED** this the 30th day of April, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE